UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
22 JUN 22 AM 10: 07

UNITED STATES OF AMERICA                                                                                  PLAINTIFF

v.                                                                                         CRIMINAL NO. _3:22-CR-47-BJB
                                                                                                              3:22-CR-48-BJB

**BRYAN ANDREW WILSON**
                                                                                                                      DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, United States Attorney for the Western District of Kentucky, and defendant, Bryan Andrew Wilson, and his attorney, Brian Butler, have agreed upon the following:

1.  Defendant agrees to waive Indictment by the grand jury and to plead guilty to two felony Informations which have been filed against defendant by the United States Attorney for the Western District of Kentucky. Those Informations charge defendant with a violation of Title 18, United States Code, Section 241 (Conspiracy to Violate Rights), and Title 18, United States Code, Sections 2261A(2)(B) (Stalking) and 371 (Conspiracy), respectively.

2.  Defendant has read the charges against him contained in the two Informations, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.  Defendant will enter a voluntary plea of guilty to Count 1 of the Information in case number 3:22-CR-47-BJB, and Count 1 of the Information in case number 3:22-CR-48-BJB.

Defendant will plead guilty because he is in fact guilty of the charges in both cases. The parties agree to the following factual basis for this plea:

**Case Number 3:22-CR-47-BJB**

The Louisville Metro Police Department ("LMPD") was an agency of the Commonwealth of Kentucky which had the primary responsibility of providing police services within geographical boundaries of Jefferson County, Kentucky. The LMPD Ninth Mobile Division was a specialized division within the LMPD with a primary mission of addressing violent crime in Louisville Metro by focusing on hot spots of violent criminal activity, identifying and arresting the worst offenders and addressing gang activity that the Ninth Mobile Division encountered. Detective Bryan Wilson joined the LMPD in August 2011 and became a Detective in the Ninth Mobile Division in July 2016. Detective Curt Flynn joined the LMPD in November 2010 and became a Detective in the Ninth Mobile Division in October 2017.

Beginning no later than August 2018 and continuing through in or about September 2019, in the Western District of Kentucky, Jefferson County, Kentucky, Bryan Wilson and Curt Flynn, willfully combined, conspired, and agreed with one another and with other individuals known and unknown, to oppress and intimidate John Does and Jane Does in the free exercise and enjoyment of the right, secured and protected by the Constitution and laws of the United States to be free from the deprivation of liberty without due process of law, which includes the right to be free from arbitrary force used by a police officer that serves no legitimate governmental purpose. These John Doe and Jane Doe victims were individuals present in the geographic area in which the Ninth Mobile Division operated. The conduct Bryan Wilson, Curt Flynn, and others engaged in, while acting under color of law, was deliberative and malicious, and it shocked the conscience.

It was part of the manner and means of the conspiracy that Bryan Wilson and Curt Flynn, along with others known and unknown, while on duty with the Ninth Mobile Division, dressed in clothing identifying them as LMPD officers, and driving unmarked LMPD vehicles, assaulted and attempted to assault civilian John Does and Jane Does in the following manner:

a. LMPD Detectives in the Ninth Mobile Unit usually rode two or three to a car, and frequently conducted their patrols during the evening and nighttime hours;

b. Bryan Wilson, Curt Flynn, and others known and unknown would obtain large beverages from local gas stations and other establishments and bring those beverages into their cars;

c. Bryan Wilson, Curt Flynn, and others known and unknown would identify a civilian John Doe or Jane Doe walking in the geographic area of the Ninth Mobile Division on the sidewalk or near the street;

d. At various points Bryan Wilson and/or Curt Flynn would announce on the police radio words to the effect of, "someone was thirsty" or "thirsty fam;"

e. Bryan Wilson and/or Curt Flynn would instruct the driver of the unmarked LMPD vehicle in which they were riding to slow down and drive closer to the sidewalk or the edge of the street and then Bryan Wilson or Curt Flynn would throw the beverage, including the container and/or its contents, at the John Doe or Jane Doe;

f. On many occasions the John Doe or Jane Doe was hit with the beverage and, on at least one occasion, a civilian, John Doe, was knocked down to the ground from the impact of being hit with the beverage and container;

g. The driver of the unmarked LMPD vehicle– Bryan Wilson, Curt Flynn, and others known and unknown–would then accelerate the car and flee the scene;

h. Bryan Wilson and Curt Flynn would instruct others to record their actions on video using their cell phones. These recordings were sometimes made from within the car where the beverage was thrown, and sometimes from an LMPD car following closely behind the car throwing the beverage; and

i. Bryan Wilson would subsequently display these videos to other members of the Ninth Mobile Unit.

**Case Number 3:22-CR-48-BJB**

All events occurred in the Western District of Kentucky.

Bryan Andrew Wilson conspired with others to use an interactive service and electronic communication service and electronic communication system of interstate commerce with the intent to harass and intimidate another person, and to engage in conduct that caused substantial emotional distress to another person.

As part of the conspiracy, Bryan Andrew Wilson identified computer applications belonging to women and hacked those computer applications and stole compromising photographs and other information. Wilson then contacted the women via text messages and threatened to publish stolen compromising photographs unless those women provided additional compromising photographs to him.

Victim 1—Between September and October 2020, Bryan Andrew Wilson, assisted by another person, hacked computer applications and stole compromising photographs of Jane Doe 1, and then contacted Jane Doe 1 via text messages and threatened to publish those photographs unless Jane Doe 1 provided additional compromising photographs.

Victim 2—In September 2020, Bryan Andrew Wilson, assisted by another person, hacked computer applications and stole compromising photographs of Jane Doe 2, and then contacted Jane Doe 2 via text messages and threatened to publish those photographs unless Jane Doe 2 provided additional compromising photographs.

Victim 3—In October 2020, Bryan Andrew Wilson, assisted by another person, hacked computer applications and stole compromising photographs of Jane Doe 3, and then contacted Jane Doe 3 via text messages and threatened to publish those photographs unless Jane Doe 3 provided additional compromising photographs.

Victim 4—In October 2020, Bryan Andrew Wilson, assisted by another person, hacked computer applications and stole compromising photographs of Jane Doe 4, and then contacted Jane Doe 4 via text messages and threatened to publish those photographs unless Jane Doe 4 provided additional compromising photographs.

Victim 5—In October 2020, Bryan Andrew Wilson, assisted by another person, hacked computer applications and stole compromising photographs of Jane Doe 5, and then contacted Jane Doe 5 via text messages and threatened to publish those photographs unless Jane Doe 5 provided additional compromising photographs.

Victim 6—In September 2020, Bryan Andrew Wilson, assisted by another person, hacked computer applications and stole compromising photographs of Jane Doe 6, and then contacted Jane Doe 6 via text messages and threatened to publish those photographs unless Jane Doe 6 provided additional compromising photographs.

4. Defendant understands that the charges to which he will plead guilty carry a maximum term of imprisonment of 15 years, a maximum fine of $500,000, and a three-year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea

may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

   A. If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

   B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

   C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

  9. Defendant agrees that any amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the counts of conviction. The parties acknowledge that as of the signing of this document, no victim has sought restitution in this case, but may do so prior to sentencing. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

  10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $200 to the United States District Court Clerk's Office by the date of sentencing.

  11. At the time of sentencing, the United States will

> - recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.
>
> -recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.[1]

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

12. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

    A. The Applicable Offense Level should be determined after completion of the presentence investigation by the United States Probation Office, pursuant to Fed. R. Crim. P. 32(c).[2] Both parties reserve the right to object to the presentence investigation report.

    B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

    C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

---

[2] The parties agree that a 5 level enhancement is appropriate under section 3D1.4 of the United States Sentencing Guidelines.

7

13. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his convictions and the resulting sentences pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his convictions and the resulting sentences under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

14. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

15. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

16. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and

federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

18. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

19. The Defendant understands and agrees that consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

20. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States's recommendations are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

21. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

22. This document and the supplemental plea agreement state the complete and only Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney

By: _____        6/21/22
David R. Weiser                              Date
Stephanie M. Zimdahl
Assistant United States Attorneys

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____             6/21/22
Bryan Andrew Wilson                          Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____             6/21/22
Brian Butler                                 Date
Counsel for Defendant

MAB:DRW:SMZ